UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES SALAMENO, MARIA-ANGELA SANZONE and JOHN JENSEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>– against –<br><br>GOGO INC. and GOGO LLC,<br><br>Defendants. | **MEMORANDUM & ORDER**<br><br>16-CV-0487 |

**Parties**

Charles Salameno
Maria-Angela Sanzone
John Jensen


Gogo Inc.
Gogo LLC

**Appearances**

**Clifford Tucker**
Fisher Injury Lawyers
6715 Perkins Road
Baton Rouge, LA 70808
Tel: 718-803-1234
Fax: 225-612-6813
clifford@fisherinjurylawyers.com


**Anthony Joseph Laura**
Epstein Becker Green
250 Park Avenue
New York, NY 10177
(212) 351-4500
alaura@ebglaw.com

1

JACK B. WEINSTEIN, Senior United States District Judge:

## I. Introduction

Defendants Gogo Inc. and Gogo LLC (collectively, "Gogo") provide internet access on airplanes. Plaintiffs Charles Salameno, Maria-Angela Sanzone, and John Jensen are dissatisfied customers who repeatedly used Gogo's product over a period of months or years. Plaintiffs brought suit, on behalf of themselves and all others similarly situated, alleging violations of consumer protection statutes and making claims for breach of contract, fraud, promissory estoppel, and unjust enrichment.

The court granted Gogo's motion to compel arbitration and dismissed the case on July 7, 2016. *See* Mem. & Order, July 7, 2016, ECF No. 34. An amended memorandum and order was issued on July 25, 2016, staying the case rather than dismissing it, and administratively closing the matter while arbitration went forward. *See* Am. Mem. & Order, July 25, 2016, ECF No. 36 ("July 25 Order"). Plaintiffs moved for reconsideration of the July 7, 2016 order compelling arbitration. Not. of Mot., Aug. 1, 2016, ECF No. 37. Their motion will be deemed to include a request for reconsideration of the July 25 Order. Plaintiffs' motion is denied.

## II. Facts

A detailed factual recitation is set forth in the July 25 Order. *See* July 25 Order at 5-10. It is incorporated as if set forth in this memorandum.

## III. Motion to Reconsider

### A. Law

"Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'"

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (internal citation omitted). Rather, a motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Local Civil Rule 6.3 requires that a motion for reconsideration be filed "within fourteen (14) days after entry of the Court's determination of the original motion." Local Civ. R. 6.3. "The court retains discretion to consider a motion for reargument notwithstanding the movant's failure to comply with Local Rule [6.3]'s requirements, but it will only exercise this discretion when justice so requires." *Smith v. Town of Hempstead Dep't of Sanitation Sanitary Dist. No. 2, Bd. of Comm'rs*, 982 F. Supp. 2d 225, 230-31 (E.D.N.Y. 2013) (internal quotation marks and citation omitted). "Justice requires the exercise of this discretion when, for example, there is an intervening change in controlling law, such as the issuance of a relevant United States Supreme Court decision." *Id.* at 231.

### B. Application of Law to Facts

For equitable reasons, plaintiffs' motion is not untimely; it is deemed to be a motion for reconsideration of the July 25 Order. The court issued its memorandum and opinion compelling arbitration on July 7, 2016, and an amended order directing arbitration and staying the case on July 25, 2016. Local Civil Rule 6.3 requires that a motion to reconsider be filed within fourteen days, or July 21, 2016. Plaintiffs' motion was timely filed on August 1, 2016, insofar as it was a motion to reconsider the July 25 Order. *See* Not. of Mot., Aug. 1, 2016, ECF No. 37.

The motion for reconsideration does not present any new evidence that would cause the court to alter its initial conclusion. Plaintiffs rely only on evidence that they could have presented with their complaint or in opposition to Gogo's motion to compel arbitration.

3

On June 27, 2016, the court directed Gogo to "file and docket a webpage screenshot of the webpage plaintiffs would have seen when signing into their existing accounts." Order, June 27, 2016, ECF No. 30. In response, Gogo filed a screenshot of the sign-in page from an American Airlines log-on website. Gogo explained with its submission, "While the precise airline webpages each Plaintiff encountered on their hundreds of sign-ins are not readily ascertainable, the format of those webpages on Plaintiffs' sign-ins would have mirrored the attached." Letter from Anthony J. Laura, June 29, 2016, ECF No. 32 ("June 29 Letter").

Plaintiffs now argue that the webpage screenshot that Gogo produced in response to the court's June 27, 2016 order was "an incomplete response." Mem. of Law in Supp. of Pls.' Mot. for Reconsideration of this Court's July 7, 2016 Order, Aug. 1, 2016, ECF No. 37-1 ("Pls.' Mem."), at 6; *see also* Pls.' Mem. of Law in Reply to Defs.' Opp'n to Pls.' Mot. for Reconsideration, Aug. 31, 2016, ECF No. 45, at 4. They point to what they claim is the log-on screen from a Delta Airlines webpage and argue that it does not clearly indicate the opportunity to access the terms and conditions governing use of Gogo's service. Pls.' Mem. at 6. There are three problems with plaintiffs' argument.

First, the evidence upon which plaintiffs base their motion is not new. Plaintiffs do not offer any reason why they could not have filed their new Delta exhibits before this court's July 25 Order. Instead, plaintiffs point to Gogo's counsel's June 29, 2016 letter and contend that Gogo has conceded the websites plaintiffs actually encountered were "not readily ascertainable." Pls.' Mem. at 3. This argument is not convincing; plaintiffs' counsel was prepared to offer the images at the motion hearing on June 30, 2016, indicating that they were, in fact, ascertainable. *See* Hr'g Tr., June 30, 2016, at 14:21-15:2.

Second, there is no evidence – or even allegation – that any of the named plaintiffs ever purchased Gogo's service through the Delta website that plaintiffs now, for the first time, submit and rely upon. The only airline identified in the Amended Complaint as being used by plaintiffs was Alaska Airlines. *See* Am. Compl., May 2, 2016, ECF No. 14, at ¶ 64. Without any evidence that plaintiffs actually encountered the Delta website about which they are complaining on this motion, their evidence is irrelevant.

Third, the court's decision did not rest solely on the features of the service purchase webpage. As explained in the July 25 Order, in addition to the website apparently used to make a first purchase, plaintiffs were notified of the link to terms and conditions each time they signed in to use the service, and they then received an e-mail containing a link to the terms and conditions of the particular purchase. *See* July 25 Order at 13. Individual plaintiffs failed, in opposing Gogo's motion, to address the evidence that Gogo submitted in support of these facts, and fail to do so again on this motion. The repeated notices that plaintiffs received, coupled with the reasonable conclusion that plaintiffs are not unsophisticated lay internet users, makes it reasonable to conclude that plaintiffs were warned of, could easily have obtained when purchasing, and are bound by, Gogo's terms of use. *Id.* at 13-14.

At the hearing on the motion for reconsideration on September 12, 2016, plaintiffs conceded that the statute of limitations on the claim has not run, and that a new action, with or without new parties, such as Delta Airlines, can be commenced. *See* Hr'g Tr., Sept. 12, 2016, at 32:6-16. No equitable reason for granting the motion for reconsideration exists.

## IV. Conclusion

There has been no change in controlling law, and no evidence was discovered that could not have been produced before the July 25 Order. The motion for reconsideration is denied.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: September 13, 2016
       Brooklyn, New York